

# Service of Process Transmittal
01/05/2021
CT Log Number 538840108

| | |
|---|---|
| **TO:** | Kim Lundy Service Of Process<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Sam's Club  (Assumed Name)  (Domestic State: AR)<br>Sam's East, Inc. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Johnson Freddie, Pltf. vs. Sam's Club, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Orange County Circuit Court, FL<br>Case # 2020CA012687O |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 05/10/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/05/2021 at 03:10 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jerry Girley<br>The Girley Law Firm, PA<br>117 E. Marks Street, Suite A<br>Orlando, FL 32803<br>407-540-9866 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/05/2021, Expected Purge Date: 01/10/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 5, 2021

**Server Name:** CHRISTOPHER YEOMAN

| Entity Served | SAM'S CLUB |
|---|---|
| Agent Name | |
| Case Number | 2020-CA-012687-O |
| Jurisdiction | FL |



## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

| | | |
|---|---|---|
| **FREDDIE JOHNSON,** | ) | CIVIL NO.: 2020-CA-012687-O |
| | ) | |
| | ) | COMPLAINT AND DEMAND |
| **Plaintiff** | ) | FOR JURY TRIAL, EXHIBITS |
| | ) | __; SUMMONS IN A CIVIL |
| | ) | CASE |
| | ) | |
| vs. | ) | |
| | ) | DIV: |
| **SAM'S CLUB** | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

**SUMMONS**

Date: 1/5/21
Time: 225/M
Server: [signature]
ID #: 262

THE STATE OF FLORIDA:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Registered Agent for Sam's Club, CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

Each defendant is required to serve written defenses to the complaint or petition on Jerry Girley, Esquire, plaintiff's attorney, who address is 117 East Marks Street, Suite A, Orlando, Florida 32803, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If the defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.



By: Deputy Clerk

Tiffany Moore Russell, Clerk of the Circuit Court

Sandra Jackson, Deputy Clerk
2020-12-23 13:21:08

**425 North Orange Ave.**
**Suite 350**
**Orlando, Florida 32801**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

FREDDIE JOHNSON

    Plaintiff,

v.                                     CASE NO.

SAM'S CLUB

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## STATEMENT OF THE CLAIM

The Plaintiff complains herein regarding unlawful act(s) of discrimination in violation of Chapter 760 of the Florida Statutes. The Plaintiff is seeking compensatory damages in this matter in excess of One Hundred Thousand dollars, as well as all other relief that the law permits and this Honorable Court deems appropriate. The Plaintiff alleges herein that he was subjected to Disparate Treatment because of his race and his age.

## PARTIES

1. The Plaintiff in this matter Freddie Johnson, is a resident of Orange County, Florida. At all times, relevant to this complaint, the Plaintiff was employed by the Defendant at its location in Orange County, Florida.

2. The Defendant in this matter Sam's Club, operated a business in Orange County, Florida, where it employed the Plaintiff and the matters complained about herein occurred.

## JURISDICTION

3. The Court's jurisdiction in this matter is predicated upon Article V of the Florida Constitution and upon Chapter 47 of the Florida Statutes. The Court also has jurisdiction in this matter based upon Chapter 760 of the Florida Statutes.

## VENUE

4. Venue is proper in Orange County, Florida because all of the matters complained about herein occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

5. The Plaintiff is an African American male.

6. At all times, relevant to this complaint the Plaintiff was over the age of forty. He was 59 years of age.

7. The Plaintiff was terminated on May 10, 2019, ostensibly, for not wearing a hair net.

8. The stated purpose of the hair net policy was to prevent facial hairs or hairs from an employee's head from getting into the food.

9. At all times relevant to this complaint, the Plaintiff shaved his head completely bald and he did not have facial hair.

10. Other employees that were not African American and who were younger than the Plaintiff did not comply with the hair net policy but they were not subjected to the severe punishment of termination as was the Plaintiff. Specifically, Jonathan is a Hispanic individual who did not wear a hair net but he was not terminated. Similarly, Eric and Jonathan were both younger than the Plaintiff. Both violated the Defendant's hair net policy. However, neither were terminated for that reason.

## JURISDICTION

3. The Court's jurisdiction in this matter is predicated upon Article V of the Florida Constitution and upon Chapter 47 of the Florida Statutes. The Court also has jurisdiction in this matter based upon Chapter 760 of the Florida Statutes.

## VENUE

4. Venue is proper in Orange County, Florida because all of the matters complained about herein occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

5. The Plaintiff is an African American male.

6. At all times, relevant to this complaint the Plaintiff was over the age of forty. He was 59 years of age.

7. The Plaintiff was terminated on May 10, 2019, ostensibly, for not wearing a hair net.

8. The stated purpose of the hair net policy was to prevent facial hairs or hairs from an employee's head from getting into the food.

9. At all times relevant to this complaint, the Plaintiff shaved his head completely bald and he did not have facial hair.

10. Other employees that were not African American and who were younger than the Plaintiff did not comply with the hair net policy but they were not subjected to the severe punishment of termination as was the Plaintiff. Specifically, Jonathan is a Hispanic individual who did not wear a hair net but he was not terminated. Similarly, Eric and Jonathan were both younger than the Plaintiff. Both violated the Defendant's hair net policy. However, neither were terminated for that reason.

## DISPARATE TREATMENT BASED UPON RACE IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTES

11. The Plaintiff incorporates by reference, as though fully stated herein, the allegations contained in paragraphs 1-10.

12. The Plaintiff is a protected class; he is African American.

13. The Plaintiff met the objective qualifications of the position of meat cutter/butcher. Therefore, he was objectively qualified for the position.

14. The Plaintiff suffered an adverse employment action when he was terminated, ostensibly, for not wearing a hair net. The purpose of the Defendant's hair net policy was to prevent hairs from an employee's beard or head from getting into the food. At all relevant times to this complaint, the Plaintiff did not have facial hair and his head was shaved completely bald.

15. One other individual outside of the Plaintiff's protected class, Jonathan a Hispanic male, did not wear a hair net over his beard. But he was not written up and he was not terminated. Jonathan was similarly situated to the Plaintiff. He was a meat cutter/butcher who answered to the same supervisors as the Plaintiff.

## COUNT II DISPARATE TREATMENT BASED UPON AGE IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTES

16. The Plaintiff incorporates by references as though fully stated herein, the allegations contained in paragraphs 1-10.

17. The Plaintiff was in a protected class. He was 59 years of age at all relevant times to this complaint.

18. The Plaintiff was objectively qualified to perform the duties of a meat cutter/butcher.

19. The Plaintiff suffered an adverse employment action when he was terminated, ostensibly, for not wearing a hair net. At the time that the Plaintiff was terminated he did not have facial hair and his head was shaved completely bald.

20. Other similarly situated employees, Eric and Jonathan, who were younger than the Plaintiff had facial hair, and/or hair on their heads. These individuals did not comply with the Defendant's hair net policy, but they were not terminated.

## DAMAGES

The Plaintiff is seeking all the relief available to him by law. Specifically, he is seeking to be reinstated with back pay as well as an award of all accrued benefits since the time of his termination. In the alternative, the Plaintiff is seeking front pay for a period of no less than five years and compensation for emotional pain and suffering, of a garden variety type, for being subjected to unlawful discrimination based upon his race and his gender. The Plaintiff is also seeking reasonable attorney fees and costs related to commencing this lawsuit.

/s/ Jerry Girley
Jerry Girley, Esquire
Florida Bar No: 35771
The Girley Law Firm, PA
117 E. Marks Street, Suite A
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com